UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELL R. SCOGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>FALCON COURT, TURNING POINT OF CENTRAL CALIFORNIA,<br><br>    Defendants. | Case No.  1:24-cv-00188-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 9)**<br><br>21-DAY DEADLINE |

## I.   INTRODUCTION

**A.   Background**

Plaintiff Danell Scoggins, proceeding pro se and *in forma pauperis*, filed a complaint on February 9, 2024. (Doc. 1). The Court screened Plaintiff's complaint and concluded that it failed to state a cognizable claim. (Doc. 7). The Court advised Plaintiff that she had three options for how to proceed: Plaintiff could file (1) an amended complaint, which would be screened in due course; (2) a statement that she wishes to stand on the initial complaint and have it reviewed by the presiding district judge, in which case the Court would issue findings and recommendations to the district judge consistent with its screening order; or (3) a notice of voluntary dismissal. (*See id.* at 1).

Plaintiff filed a First Amended Complaint (Doc 9) on May 21, 2024, which is now before

1

the Court for screening. The undersigned finds that Plaintiff has not stated a cognizable claim and will recommend that this action be dismissed without prejudice and without leave to amend because Plaintiff has failed to correct the deficiencies identified in the original complaint.

**B.      Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id*. (quoting *Twombly*, 550 U.S. at 557).

**C.    Plaintiff's First Amended Complaint**

Plaintiff prepared her claim on a form intended for federal prisoners filing civil rights complaints in federal court. (*See* Doc. 9). In the complaint, Plaintiff lists Falcon Court, a Turning Point of Central California program, as the Defendant, as well as The Dragon, LLC, (collectively the "Defendants"). Falcon Court "provides permanent supportive housing to 34 disabled chronically homeless individuals, and 6 chronically homeless families. The program offers case management, life skills training, education and employment assistance, linkages to community resources, and financial counseling."[1] It is unclear what kind of business "The Dragon" is or how it is otherwise connected to Plaintiff's allegations.

Plaintiff alleges the Defendants violated her "freedom from cruel and unusual punishment, discrimination, and retaliation." (Doc. 9 at 2-3). She also alleges the following facts:

> Entered my apartment without permission. Wires were cut and then an explosion. I addressed the matter to management. They tried to retaliate and kick me out. We went to court and the judge ruled in my favor and did not kick me out. After they remodel[ed] the apartment, one month later, the sockets starts to blow up. I called code enforcement and they enforced them to . . . fix the matter. However there was never no GFIC in the unit. They [were] negligent and irresponsible. They put me and my kids in danger. They continue to harass us. I have pictures and evidence and proof of ongoing issues and problems they continue to do to me in the apartment complex. I truly feel unsafe and they are discriminatory against me because of my disability, sexual preference and my religion."

(Doc. 9 at 3-4). Plaintiff has included various photos with her complaint, but most of the images are too dark to determine what they depict. Plaintiff requests that the Court order her to be relocated to a "safe environment where me and my kid can strive and he can be a kid." (Doc. 9 at 5). She also seeks relocation expenses. *Id.*

---

[1] Turning Point of Central California, Inc., Falcon Court, https://www.tpocc.org/falcon-court, (last visited July 28, 2024). Turning Point of Central California, Inc., is a tax-exempt corporation providing its services throughout Central California. Turning Point of Central California, Inc., Our History, https://www.tpocc.org/history, (last visited July 28, 2024).

3

## II. DISCUSSION

A. **Legal Standard**

Plaintiff first alleges the Defendant has violated her right to be free from cruel and unusual punishment, and construing the complaint liberally, as it must, *Erickson*, 551 U.S. at 94, the Court interprets Plaintiff's allegations as an Eighth Amendment claim. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause," as opposed to accidental or negligent behavior. *Whitley*, 475 U.S. at 319.

The Court also interprets Plaintiff's allegations of discrimination and retaliation as claims arising under the Fair Housing Act. The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶] . . . that person[.]" 42 U.S.C. § 3604(f)(2). A plaintiff can establish a disability discrimination claim under a theory of disparate treatment or failure to make reasonable accommodations. *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008); *Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997). To plead a disparate treatment claim, Plaintiff must allege facts showing that: "(1) [her] rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). In addition, "[d]isparate treatment [under the FHA] requires some showing of discriminatory intent on the part of the defendants[.]" *McDonald v. Coldwell Banker*, 543 F.3d 498, 505 n.7 (9th Cir. 2008). Plaintiff must also plead facts demonstrating the existence of a similarly situated person who was treated better than the plaintiff was, or that "a discriminatory reason more likely than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way." *Pac. Shores Properties, LLC v.*

*City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013) (citation and internal quotation marks omitted).

To plead a failure to accommodate claim, a plaintiff must allege facts demonstrating that: (1) she suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendants knew or reasonably should have known of her handicap; (3) accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. *United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997). The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

Under the FHA, it "shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of . . . having exercised or enjoyed, any right granted or protected by [42 U.S.C. § 3604]." 42 U.S.C. § 3617. To establish a prima facie case of retaliation, a plaintiff must show that (1) they engaged in a protected activity; (2) the defendant subjected them to an adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001). If a plaintiff presents a prima facia claim for retaliation, the defendant has the burden to articulate a non-discriminatory reason for the decision. *Walker*, 272 F.3d at 1128; *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). If the defendant articulates a non-discriminatory reason, the plaintiff has the burden of demonstrating that reason is merely a pretext for a discriminatory motive. *Id.*

**B.     Analysis**

In its current form, the complaint does not state a claim upon which relief can be granted. With regard to an Eighth Amendment claim, Plaintiff has alleged no facts to establish any cognizable theory of recovery. Eighth Amendment claims are "reserved for 'those convicted of crimes.'" *Hawkins v. Comparet-Cassani,* 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley,* 475 U.S. at 318 (1986)). Plaintiff states in her complaint that she is not currently an inmate, and

none of her factual allegations relate to her treatment as a convicted prisoner. Therefore, she has failed to state a claim under the Eighth Amendment. *Hawkins*, 251 F.3d at 1238.

With regard to a disparate treatment theory of discrimination under the FHA, Plaintiff's claims repeat the deficiencies the Court identified in its previous order. (Doc. 7). Plaintiff again fails to allege any facts to suggest she was treated differently than a similarly situated person, or that the Defendant's actions were more likely than not motived by a discriminatory intent. With regard to a failure to accommodate claim, Plaintiff does not allege she has a disability within the meaning of § 3602(h), but only that Defendant is discriminating against her based on her "learning disability." Plaintiff provides no other details about this disability, such as how it limits one or more of her major life activities and whether she has a record of such an impairment or being regarded as having an impairment. 42 U.S.C. § 3602(h). Accordingly, Plaintiff has not established that she suffers a disability under the FHA.[2] *Id.*

Assuming Plaintiff has a disability under the FHA, Plaintiff has again failed to allege any facts demonstrating the Defendants knew or reasonably should have known of her disability, that she requested an accommodation, and Defendants denied her request. Plaintiff has also failed to plead a retaliation claim, as she does not identify specific protected actions she took or any adverse actions by the Defendant. At most, Plaintiff alleges "wires were cut and then an explosion. I addressed the matter to management." (Doc. 9). This is insufficient to state a claim.

Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Brazil*, 66 F.3d at 199). Plaintiff again has failed to do so. Even assuming Plaintiff's allegation that she "addressed the matter to management" amounted to a protected action by the FHA, Plaintiff has not provided details regarding *how* or *when* any Defendant retaliated. Plaintiff has only alleged

---

[2] While Plaintiff also alleges Defendants are discriminating against her based on her religion and her sexual preference, there are no facts establishing any differential treatment related to her religious affiliation or her sexual identity/preference, and therefore, she has failed to state a claim under these theories. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).

the kind of threadbare assertions and conclusory statements that are insufficient under the rules. *Ashcroft*, 556 U.S. at 678 (2009).

## C. Leave to Amend

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the initial complaint, the undersigned advised Plaintiff could file an amended complaint that sets forth a basis for subject matter jurisdiction and allege cognizable claims. (*See* Doc. 7). Despite specific descriptions of the deficiencies in her complaint, Plaintiff repeated nearly identical factual allegations that the Court previously found insufficient. Accordingly, Plaintiff has demonstrated that she is unable to allege facts to set forth a cognizable claim and cure the defects of her amended complaint. Thus, further amendment would be futile and the undersigned recommends that the action be dismissed.

## III. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint (Doc. 9) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 31, 2024**                        /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE