1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10    DANELL R. SCOGGINS,                    Case No.  1:24-cv-00188-KES-SKO

11                 Plaintiffs,               ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS IN PART,
12         v.                                DISMISSING

13    FALCON COURT, TURNING POINT OF         (Doc. 9)
      CENTRAL CALIFORNIA,
14

15                 Defendants.

16

17

18         Plaintiff Danell Scoggins proceeds pro se and in forma pauperis in this civil action which

19   she initiated on February 9, 2024.  Docs. 1, 2.  This matter was referred to a United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21         On May 8, 2024, the assigned magistrate judge screened plaintiff's complaint and the

22   magistrate judge construed the allegations in the complaint to assert an Eighth Amendment claim

23   and claims of disability discrimination and retaliation under the Fair Housing Act.  Doc. 7.  The

24   magistrate judge found that the complaint failed to allege sufficient facts to make out those claims

25   and granted plaintiff an opportunity to amend her complaint.  Doc. 7.  Plaintiff filed a first

26   amended complaint on May 21, 2024.  Doc. 9.  Upon reviewing the first amended complaint, the

27   assigned magistrate issued findings and recommendation recommending that this action be

28

                                               1

dismissed without leave to amend due to plaintiff's failure to state a cognizable claim.  Doc. 10.
On August 13, 2024, plaintiff filed objections to the findings and recommendation.  Doc. 11.  On
August 16, 2024, she filed a notice which states that, the day after she filed her objections, her
landlord provided a three-day notice to quit for breaches of covenant.  Doc. 12.  The landlord's
notice to quit is attached to her notice.  *See id.* at 3.  Plaintiff contends that this notice to quit is
"additional evidence of retaliation . . . ."  *See id.* at 1.

Plaintiff's objections and additional notice provide evidence which, if included in her
complaint, may allow her to make out a claim for retaliation under the Fair Housing Act.  "As
with any retaliation claim, [courts must] apply the familiar burden-shifting analysis established by
the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)."  *Walker v. City
of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).  "To establish a prima facie case of retaliation
[under the Fair Housing Act], a plaintiff must show that (1) [she] engaged in a protected activity;
(2) the defendant subjected [her] to an adverse action; and (3) a causal link exists between the
protected activity and the adverse action."  *Id.*  "If a plaintiff has presented a prima facie
retaliation claim, the burden shifts to the defendant to articulate a legitimate nondiscriminatory
reason for its decision."  *Id.*  "If the defendant articulates such a reason, the plaintiff bears the
ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory
motive."  *Id.*

As for the first element, "[f]iling a lawsuit [] to enforce rights under the Fair Housing Act
is a protected activity."  *E.g.*, *Washington v. Farmington Estates Owners Ass'n*, 2022 WL
18399534, at *6 (D. Or. July 13, 2022).  Plaintiff filed this lawsuit alleging that defendants
discriminated against her on numerous bases: disability, sexual orientation, and religion.  Doc. 9
at 4.  Although her complaint failed to flesh out the details of any disability and did not describe
her sexual orientation or religion, *see* Doc. 9, it is at least clear that she intended to allege that
defendants had discriminated against her on those bases, as the findings and recommendations
correctly recognized, *see* Doc. 10 at 4.  Therefore, plaintiff may be able to establish the first
element of a retaliation claim if given a chance to amend the complaint.

Second, under the Fair Housing Act, an adverse action must come in the form of
"coerc[ion], intimidat[ion], threat[s], or interfere[nce]."  *Walker*, 272 F.3d at 1128 (quoting 42

U.S.C. § 3617).  "'Interference' has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws."  *Id.*  Eviction proceedings and threats of legal action against the plaintiff may constitute adverse actions.  *Elliot v. QF Circa 37, LLC*, No. 16-cv-0288-BAS-AGS, 2018 WL 2933467, at *20 (S.D. Cal. June 12, 2018).  Here, among other evidence, plaintiff has submitted the landlord's notice to quit, which states that it requires plaintiff to vacate the premises and threatens legal action against her if she does not.  Plaintiff may be able to allege that defendants took adverse action against her. [1]

Third, "a plaintiff must show that a defendant took an adverse action with the intent to retaliate against the plaintiff."  *Id.* (citing *East-Miller v. Lake Cty. Highway Dev.*, 421 F.3d 558, 563 (7th Cir. 2005)).  "Such intent demonstrates a causal connection between the adverse action and the protected activity."  *Id.*  "Under the *McDonnell Douglas*[] framework, timing alone may be sufficient to support the inference of a retaliatory motive if the protected activity and the allegedly retaliatory employment action are sufficiently close in time."  *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1103–04 (citing *Thomas v. City of Beaverton,* 379 F.3d 802, 812 (9th Cir. 2004)).  Here, plaintiff filed objections to the findings and recommendations on August 13, 2024, and the next day, she was served with a three-day notice to quit for breaches of covenant.  *See* Doc. 12.  This close temporal proximity may be a sufficient basis to infer retaliatory motive.  "[P]roximity in time between the protected activity and the allegedly retaliatory decision can constitute some evidence of a retaliatory motive or of a causal link."  *Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 2:22-cv-08524-DSF-MAA, 2023 WL 9318509, at *5 (C.D. Cal. Nov. 29, 2023) (quotations omitted).

The Court concludes that findings and recommendations are correct that plaintiff's first amended complaint does not state a cognizable claim.  However, because plaintiff's subsequently-filed objections and notice identify evidence that may, if sufficiently spelled out in a second amended complaint, enable her to state a claim for retaliation under the Fair Housing Act, the Court will give plaintiff the opportunity to amend her complaint **one final time**.

**Plaintiff is informed that an amended complaint *supersedes* a prior complaint.  *Lacey**

---

[1]  The Court notes that, at the second step of the *McDonnell Douglas* framework, defendants may be able to establish a legitimate, nondiscriminatory basis for their alleged action.  The notice to quit identifies seven distinct violations by plaintiff of her rental agreement.  *See* Doc. 12 at 3.

1   **_v. Maricopa Cnty._, 693 F.3d 896, 927 (9th Cir. 2012). An amended complaint must be**

2   **"complete in itself without reference to the prior or superseded pleading." L.R. 220.**

3   **Accordingly, while the Court grants plaintiff leave to amend to replead her claim for**

4   **retaliation under the Fair Housing Act, plaintiff must fully allege in any second amended**

5   **complaint all allegations that support her claim.**

6        Accordingly:

7    1.  The findings and recommendations issued on July 31, 2024, Doc. 10, are adopted in

8        part;

9    2.  This action is dismissed with leave to amend due to plaintiff's failure to state a

10       cognizable claim;

11   3.  Plaintiff must file any second amended complaint, consistent with the terms of this

12       Order, within thirty (30) days of the date of this Order; and

13   4.  This matter is referred back to the assigned magistrate judge for the preparation of

14       further findings and recommendations and/or other appropriate action.

IT IS SO ORDERED.

   Dated:   March 27, 2025

                                        _____
                                        UNITED STATES DISTRICT JUDGE

4