UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELL R. SCOGGINS,<br><br>    Plaintiff,<br><br> v.<br><br>FALCON COURT, TURNING POINT OF CENTRAL CALIFORNIA,<br><br>    Defendants. | Case No. 1:24-cv-00188-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 14)**<br><br>21-DAY DEADLINE |

## I. INTRODUCTION

**A. Background**

Plaintiff Danell Scoggins, proceeding *pro se* and *in forma pauperis*, filed a complaint on February 9, 2024. (Doc. 1). The undersigned screened Plaintiff's complaint and concluded that it failed to state a cognizable claim. (Doc. 7). The undersigned then advised Plaintiff that she had three options for how to proceed: Plaintiff could file (1) an amended complaint, which would be screened in due course; (2) a statement that she wishes to stand on the initial complaint and have it reviewed by the presiding district judge, in which case the Court would issue findings and recommendations to the district judge consistent with its screening order; or (3) a notice of voluntary dismissal. (*See id.* at 1).

Plaintiff filed a First Amended Complaint, (Doc 9), on May 21, 2024, which the

undersigned again screened and recommended dismissal without prejudice and without leave to amend because Plaintiff has failed to correct the deficiencies identified in the original complaint. (Doc. 10).

On August 13, 2024, Plaintiff timely filed objections, (Doc. 11), and on August 16, 2024, Plaintiff filed an additional notice alleging further evidence of retaliation. In light of Plaintiff's objections and additional notice, the District Court adopted the undersigned's recommendation to dismiss Plaintiff's First Amended Complaint but gave Plaintiff one more opportunity to amend within 30 days. (Doc. 13 at 3).

On May 29, 2025, Plaintiff filed a Second Amended Complaint. (Doc. 14). The undersigned notes that the Second Amended Complaint is untimely under the Court's dismissal order, which ordered any amended complaint be filed within 30-days of March 28, 2025. (*See* Doc. 13). Nonetheless, out of an abundance of caution, the undersigned will screen it. Like before, the undersigned finds that Plaintiff has not stated a cognizable claim and will recommend that this action be dismissed without leave to amend.

**B.     Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
2  of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint
4  may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable
5  legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica*
6  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum factual and
7  legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's
8  claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d
9  193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

10  In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
11  as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94
12  (2007).  The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S.
13  at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
14  'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting
15  *Twombly*, 550 U.S. at 557).

16  **C.    Plaintiff's Second Amended Complaint**

17  Plaintiff's Second Amended Complaint is structured as a letter to the Court.  (*See* Doc. 14).
18  Plaintiff lists Falcon Court, a Turning Point of Central California program, as the Defendants.  (*Id.*)
19  Falcon Court "provides permanent supportive housing to 34 disabled chronically homeless
20  individuals, and 6 chronically homeless families. The program offers case management, life skills
21  training, education and employment assistance, linkages to community resources, and financial
22  counseling."[1]

23  Plaintiff purports to bring claims "for damages due to the defendant's negligence,
24  intentional infliction of emotional distress, and violation of my rights under [relevant laws or
25  regulations]." (Doc. 14 at 2).

---

[1] Turning Point of Central California, Inc., *Falcon Court*, https://www.tpocc.org/falcon-court, (last visited June 2, 2025).  Turning Point of Central California, Inc., is a tax-exempt corporation providing its services throughout Central California.  Turning Point of Central California, Inc., *Our History*, https://www.tpocc.org/history, (last visited June 2, 2025).

Plaintiff also alleges:

> 1. Despite my efforts to seek assistance from Code Enforcement, HUD, and local authorities, the management has continued to retaliate against me. 2. The issues include: - cut wires and exposed sockets, - Refrigerator problems causing explosions, - Broken car windows, - Drilling holes through the floor, releasing toxic fumes, - Exposure to toxic poison."

(*Id.* at 1). She also provides the following "Supporting Facts":

> These conditions have severely impacted my health and my son's health, who suffers from respiratory problems. I am a cancer survivor and have developed heart problems and debilitating headaches due to the constant exposure to fumes. Moreover, the ongoing stress and harassment have led to severe depression, significantly affecting my mental well-being. I am struggling to cope with the relentless retaliation, feeling trapped and helpless.

(*Id.* at 1–2). Plaintiff requests "compensation for my physical and emotional damages, as well as injunctive relief to stop the defendant's retaliatory actions." (*Id.*)

## II.    DISCUSSION

### A.    Legal Standard

Though Plaintiff's complaint is far from clear, liberally constru[ing] the pleadings, *see Erickson*, 551 U.S. at 94, the undersigned interprets Plaintiff's factual allegations of retaliation as stating a claim arising under the Fair Housing Act. The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶] . . . that person[.]" 42 U.S.C. § 3604(f)(2). Under the FHA, it "shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of . . . having exercised or enjoyed, any right granted or protected by [42 U.S.C. § 3604]." 42 U.S.C. § 3617. To establish a prima facie case of retaliation, a plaintiff must show that (1) they engaged in a protected activity; (2) the defendant subjected them to an adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001). If a plaintiff presents a prima facia claim for retaliation, the defendant has the burden to articulate a non-discriminatory reason for the decision. *Walker*, 272 F.3d at 1128; *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). If the defendant articulates a non-

1 discriminatory reason, the plaintiff has the burden of demonstrating that reason is merely a pretext
2 for a discriminatory motive. *Id.*

**B.    Analysis**

In its current form, the complaint does not state a claim upon which relief can be granted. Plaintiff has failed to plead a retaliation claim, as she does not identify specific protected actions she took or any adverse actions by Defendants. Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Brazil*, 66 F.3d at 199). Plaintiff again has failed to do so and has only alleged the kind of threadbare assertions and conclusory statements that are insufficient under the rules. *Ashcroft*, 556 U.S. at 678 (2009).

Plaintiff also purports to bring state law negligence and intentional infliction of emotional distress claims. (Doc. 14 at 1). But the District Court granted Plaintiff leave to amend *only* her retaliation claim. (Doc. 13 at 4). Therefore, these claims are improper under Federal Rule of Civil Procedure Rule 15, which requires leave of court to amend pleadings. Further, even if Plaintiff did have leave to amend to add further claims, the undersigned concludes that the Court does not have jurisdiction over these claims because the parties in this case are not diverse and the Court cannot exercise supplemental jurisdiction without a cognizable federal claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well). Therefore, the undersigned recommends that Plaintiff's state law claims be dismissed for lack of subject matter jurisdiction or, in the alternative, as improper under Federal Rule of Civil Procedure 15.

**C.    Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal

quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad.  *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Despite specific descriptions of the deficiencies in her complaint, Plaintiff repeated nearly identical factual allegations that the Court has twice previously found insufficient.  Accordingly, Plaintiff has demonstrated that she is unable to allege facts to set forth a cognizable claim and cure the defects of her amended complaint.  Thus, further amendment would be futile and the undersigned recommends that the action be dismissed.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint, (Doc. 14), be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 3, 2025**                          /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE