1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9  DANELL R. SCOGGINS,                        Case No.  1:24-cv-00188-KES-SKO

10              Plaintiff,                     ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATION AND DISMISSING
11        v.                                   CASE FOR FAILURE TO STATE A CLAIM

12  FALCON COURT and TURNING POINT             Docs. 14, 15
    OF CENTRAL CALIFORNIA,
13
                Defendants.
14

15

16

17        Plaintiff Danell Scoggins, proceeding pro se and in forma pauperis, filed a complaint on

18  February 9, 2024.  Doc. 1.  The assigned magistrate judge screened plaintiff's complaint and

19  concluded that it failed to state a cognizable claim.  Doc. 7.  The magistrate judge advised plaintiff

20  that she could file: (1) an amended complaint, which would be screened in due course, (2) a

21  statement that she wished to stand on the initial complaint and have it reviewed by the presiding

22  district judge, in which case the magistrate judge would issue findings and recommendations to

23  the district judge consistent with the screening order, or (3) a notice of voluntary dismissal.  *See*

24  *id.* at 1.

25        On May 21, 2024, plaintiff filed a first amended complaint.  Doc 9.  The magistrate judge

26  screened the first amended complaint and recommended dismissal without prejudice and without

27  leave to amend because plaintiff had failed to correct the deficiencies identified in the original

28

1

complaint.  Doc. 10.  On August 13, 2024, plaintiff timely filed objections to those findings and recommendations, Doc. 11, and on August 16, 2024, plaintiff filed an additional notice regarding her retaliation allegations, Doc. 12.  In light of plaintiff's objections and additional notice, the Court adopted in part those findings and recommendations.  Doc. 13.  The Court concluded that the findings and recommendations correctly concluded that plaintiff's first amended complaint failed to state a claim but that leave to amend was proper.  *Id.*  The Court gave plaintiff one more opportunity to amend to plead a retaliation claim.  *Id.* at 3.

On May 29, 2025, plaintiff filed a second amended complaint.  Doc. 14.  The magistrate judge issued findings and recommendation which noted that the second amended complaint was untimely under the Court's dismissal order, which ordered that any amended complaint be filed within thirty days of March 28, 2025.  *See* Doc. 13.  The findings and recommendations further concluded that plaintiff had again failed to plead a retaliation claim and recommended that this action be dismissed without leave to amend.  Doc. 15.  The findings and recommendations contained notice that any objections were due within twenty-one days.  *Id.* at 6.  On June 18, 2025, plaintiff filed a document titled "Response — Findings and Recommendation," which contains vague allegations related to plaintiff's claims but fails to address the deficiencies identified by the findings and recommendations.  Doc. 16.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of the case.  Having carefully reviewed the file, the Court finds that the findings and recommendations are supported by the record and proper analysis.  The second amended complaint does not cure the deficiencies identified by the Court's March 28, 2025 order and does not plead facts sufficient to state a claim for retaliation under the Fair Housing Act.  Plaintiff again failed to identify any protected activity in which she engaged and any sufficiently adverse action taken by defendants.  *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) ("To establish a prima facie case of retaliation [under the Fair Housing Act], a plaintiff must show that (1) [she] engaged in a protected activity; (2) the defendant subjected [her] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action.").  Accordingly, the case is dismissed without leave to amend.

Based upon the foregoing, the Court ORDERS:

1.  The findings and recommendations issued June 3, 2025, Doc. 15, are ADOPTED in full;

2.  This action is DISMISSED due to plaintiff's failure to state a claim; and

3.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 20, 2025

_____
UNITED STATES DISTRICT JUDGE